```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WENPING WANG and JI CHEN, individually
and on behalf of other employees similarly situated,

                        Plaintiffs,              ORDER
                                                 CV 14-6249 (DRH) (ARL)
        -against-

MASAGO NEO ASIAN INC. d/b/a MASAGO NEO
ASIAN FUSION, XINGAN LIN, "JJ" WONG,
ZHONG LIN a/k/a "LEO", WEN YI "WINNIE" WU,
"JOHN" LIN, JOHN DOE AND JANE DOE # 1-10,

                        Defendants.
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

Before the Court, on referral from District Judge Hurley, is the parties' joint motion for judicial approval of their proposed settlement agreement. For the reasons stated below, the Court directs the parties to submit supplemental information in support of their application.

**I.      Background**

Plaintiff Wenping Wang ("Wang") commenced this action individually and on behalf of others similarly situated on October 24, 2014, against defendants Masago Neo Asian Inc. d/b/a Masago Neo Asian Fusion ("Masago") and Xingan Lin ("Lin"). By Order dated November 2, 2015, the Court denied Wang's motion for conditional certification and court-ordered notice. DE 25. The Court, however, granted Wang's motion for leave to file an amended complaint to add Ji Chen ("Chen") as a named plaintiff (together with Wang, "Plaintiffs") and JJ Wong; Zhong Lin a/k/a Leo; Wen Yi Winnie Wu; and John Lin as defendants (together with Masago and Lin, "Defendants"). *Id.* On November 10, 2015, Plaintiff filed an amended complaint. DE 27.

The amended complaint alleges that Plaintiffs were employed as deliverymen at Defendants' restaurant located in Oceanside, New York. Am. Compl. ¶¶ 26, 19. Plaintiff Wang

claims to have worked at Defendants' restaurant from September 17, 2013 to October 18, 2014, *id.* ¶ 26, and Plaintiff Chen claims to have worked at Defendants' restaurant from February 14, 2013 to November 2, 2014, *id.* ¶ 29. Plaintiffs allege that they each worked approximately sixty-two hours per week and were paid a flat rate of $1,400 each month in cash, yielding an hourly rate of approximately $5.21. *Id.* ¶¶ 28, 31. Plaintiffs further allege, *inter alia*, that they was not paid applicable federal and New York State minimum wage rates, overtime pay and spread-of-hours pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. and the New York Labor Law § 650 *et seq*. Am. Compl. ¶¶ 3-4. Defendants filed an answer on February 3, 2016, denying any liability. DE 35. Defendants maintain that Plaintiffs were paid all the amounts that were due and that Defendants' actions fully complied with federal and state law. *Id.*

On March 1, 2016, the parties appeared before the undesigned for a settlement conference and reached a settlement in principal. DE 38. The parties were directed to provide the Court with submissions regarding the fairness of the settlement on or before March 18, 2016. *Id.*

By letter dated March 26, 2016, the parties submitted a joint letter requesting Court approval of their settlement. DE 39. Judge Hurley thereafter referred the matter to the undersigned to issue a report and recommendation. Electronic Order dated Apr. 8, 2016.

**II.      The Parties' Proposed Settlement**

According to Plaintiffs, if Plaintiffs were to prevail on all of their claims, their unpaid wages, including liquidated damages, would total approximately $150,000. DE 39. Specifically, Plaintiff Wang would be entitled to $60,631.80 and Plaintiff Chen would be entitled to $93,244.20, for a total of $153,876.00. On the other hand, according to Defendants, Plaintiffs are not entitled to any damages at all.

The parties agreed to settle this action for a total of $80,000.00, inclusive of all attorneys' fees and costs. Pursuant to the terms of the settlement agreement, Plaintiff Wang is to receive $18,380.00 and Plaintiff Chen is to receive $28,270.00. DE 39-1. Plaintiffs' attorneys are to receive $33,500.00 for their attorney's fees – representing 40% of the total settlement sum – plus $2,500.00 for their litigation costs. DE 39.

**III.   Analysis**

In determining whether to approve the settlement, the Court is guided by the principles set forth in *Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332 (S.D.N.Y. 2012) and *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), *cert. denied,* 136 S. Ct. 824 (2016). The Court must begin by assessing whether the agreement is fair and reasonable by examining the bona fides of the dispute. *See Moreno v. Nassau Country Club*, No. 12 CV 5324, 2013 WL 5788730, *1 (E.D.N.Y. Sept. 26, 2013). In determining whether the agreement reflects a reasonable compromise of the plaintiffs' claims, the Court should consider the following factors:

> "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."

*Beckert v. Rubinov*, No. 15 CV 1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting *Wolinsky*, 900 F. Supp. 2d at 335) (internal quotation marks and further citation omitted). The Court should also consider potential negative considerations such as "whether there are other employees of the defendant who are similarly situated, the potential for the plaintiff's circumstances to recur, whether the defendant or others in the same industry have a history of FLSA violations, and whether it would be desirable to make a full evidentiary record

of practices by the defendant or in its industry to further public awareness or the development of the law in this area." *Caprile v. Harabel Inc.*, No. 14 CV 6386, 2015 WL 5581568, at *1 (S.D.N.Y. Sept. 16, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). These factors should be considered in light of the totality of the circumstances. *Beckert,* 2015 WL 6503832, at *1.

As a threshold matter, although the parties did not meaningfully address this factor in their motion, it is clear from the parties' pleadings and settlement statements that several FLSA issues are in bona fide dispute, including Plaintiffs' status as exempt employees, the proper amount of unpaid wages due, and the number of hours worked.

However, based on the information proffered, the Court cannot properly analyze the fairness of the proposed settlement. Specifically, the Court is unable to discern whether Plaintiffs' recovery of $46,650.00 ($18,380.00 to Wang and $28,270.00 to Chen) reflects a reasonable compromise given the range of possible recovery. Under Plaintiffs' damages theory, Plaintiffs' are entitled to a total of $153,876.00 ($60,631.80 for Wang and $93,244.20 for Chen), inclusive of liquidated damages. The parties' joint submission states that "although the settlement does not award Plaintiffs all of the liquidated damages to which they may be entitled, as noted above, the settlement provides, with certainty, that Plaintiffs will receive all of the unpaid overtime wages they claim as well as a portion of Plaintiffs' claimed liquidated damages." DE 39 at 2. The parties fail to address, however, why this settlement is fair (1) given the small percentage of liquidated damages awarded Plaintiffs, and (2) in light of the relevant factors set forth above. Accordingly, the parties are directed to provide further documentation supporting the proposed settlement. The parties' supplemental materials should be submitted directly to this Court.

"Under the FLSA, [t]he court in such action shall, in addition to any judgment awarded to

the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.,* No. 13 CIV. 6667, 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015). Here, the parties urge the Court to approve a payment of $33,350.00 to Plaintiffs' counsel constituting 40% of the total settlement, plus $2,500.00 in fees. According to Plaintiffs' counsel, counsel billed over 111 hours on this matter, in excess of $40,797.50 in fees, at rates approved by courts in this District and Circuit ($350 for Jian Hang, Principal Attorney, and $275 for associates). DE 39 at 3. In support of its request, counsel submits contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done. *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 305 (E.D.NY. 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). Counsel argues that although the lodestar is over $40,000, counsel is only requesting $33,350.00, which represents 40% of the settlement.

Even though counsel requests a percentage fee award, counsel is correct to proffer information as to its lodestar. *See Flores*, 104 F. Supp. 3d at 308 ("[E]ven where a court employs the percentage method, it must 'cross-check' the percentage fee award against the lodestar to ensure reasonability.") (citing *Wal–Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 123 (2d Cir. 2005)). There is no detailed information in the record, however, as to the billing attorneys' credentials and experience. Thus, the Court cannot determine if the rates sought are reasonable. *See Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012) ("The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed."). In addition, although counsel asserts that "[b]ased on [his] experience in handling FLSA and NYLL matters, [40%] is a standard and acceptable

arrangement for attorneys' fees," DE 39 at 2, given that Plaintiffs' recovery under the terms of the settlement is less than one third of Plaintiff's potential damages, the reasonableness of counsel's fee award is particularly suspect. Accordingly, the parties are directed to address this issue in their supplemental papers, which shall be filed with the Court on or before June 20, 2016.

Dated: Central Islip, New York
       June 6, 2016

SO ORDERED:

_____/s_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge