UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WENPING WANG and JI CHEN, individually
and on behalf of other employees similarly situated,

                                       Plaintiffs,                **REPORT AND**
                                                                         **RECOMMENDATION**
                                                                        CV 14-6249 (DRH) (ARL)

                                -against-

MASAGO NEO ASIAN INC. d/b/a MASAGO NEO
ASIAN FUSION, XINGAN LIN, "JJ" WONG,
ZHONG LIN a/k/a "LEO", WEN YI "WINNIE" WU,
"JOHN" LIN, JOHN DOE AND JANE DOE # 1-10,

                                        Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the Court, on referral from District Judge Hurley, is the parties' joint motion for judicial approval of their proposed settlement agreement. For the reasons stated below, the Court respectfully reports and recommends that the motion be granted.

**I.     Background**

       Plaintiff Wenping Wang ("Wang") commenced this action individually and on behalf of others similarly situated on October 24, 2014, against defendants Masago Neo Asian Inc. d/b/a Masago Neo Asian Fusion ("Masago") and Xingan Lin ("Lin"). By Order dated November 2, 2015, the Court denied Wang's motion for conditional certification and court-ordered notice. DE 25. The Court, however, granted Wang's motion for leave to file an amended complaint to add Ji Chen ("Chen") as a named plaintiff (together with Wang, "Plaintiffs") and JJ Wong; Zhong Lin a/k/a Leo; Wen Yi Winnie Wu; and John Lin as defendants (together with Masago and Lin, "Defendants"). *Id.* On November 10, 2015, Plaintiff filed an amended complaint. DE 27.

       The amended complaint alleges that Plaintiffs were employed as deliverymen at Defendants' restaurant located in Oceanside, New York. Am. Compl. ¶¶ 26, 19. Plaintiff Wang

claims to have worked at Defendants' restaurant from September 17, 2013 to October 18, 2014, *id.* ¶ 26, and Plaintiff Chen claims to have worked at Defendants' restaurant from February 14, 2013 to November 2, 2014, *id.* ¶ 29. Plaintiffs allege that they each worked approximately sixty-two hours per week and were paid a flat rate of $1,400 each month in cash, yielding an hourly rate of approximately $5.21. *Id.* ¶¶ 28, 31. Plaintiffs further allege, *inter alia*, that they were not paid applicable federal and New York State minimum wage rates, overtime pay and spread-of-hours pay in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law § 650 *et seq.* Am. Compl. ¶¶ 3-4. Defendants filed an answer on February 3, 2016, denying any liability. DE 35. Defendants maintain that Plaintiffs were paid all the amounts that were due and that Defendants' actions fully complied with federal and state law. *Id.*

On March 1, 2016, the parties appeared before the undesigned for a settlement conference and reached a settlement in principal. DE 38. The parties were directed to provide the Court with submissions regarding the fairness of the settlement on or before March 18, 2016. *Id.*

By letter dated March 26, 2016, the parties submitted a joint letter requesting Court approval of their settlement. DE 39. Judge Hurley thereafter referred the matter to the undersigned to issue a report and recommendation. Electronic Order dated Apr. 8, 2016.

By Order dated June 6, 2016, the Court found that the information proffered by the parties was insufficient to permit an analysis of the fairness of the proposed settlement and directed the parties to file supplemental information. DE 40. In addition, the Court stated that it could not determine the reasonableness of the proposed attorney fee award because there was no detailed information in the record as to the billing attorneys' credentials and experience. Lastly, the Court asked counsel to more fully address the reasonableness of the fee sought. The

parties' supplemental information is now before the Court.

## II.     The Parties' Proposed Settlement

According to Plaintiffs, if Plaintiffs were to prevail on all of their claims, their unpaid wages, including liquidated damages, would total approximately $150,000. DE 39. Specifically, Plaintiff Wang would be entitled to $60,631.80 and Plaintiff Chen would be entitled to $93,244.20, for a total of $153,876.00. On the other hand, according to Defendants, Plaintiffs are not entitled to any damages at all.

The parties agreed to settle this action for a total of $80,000.00, inclusive of all attorneys' fees and costs. Pursuant to the terms of the settlement agreement, Plaintiff Wang is to receive $18,380.00 and Plaintiff Chen is to receive $28,270.00. DE 39-1. Plaintiffs' attorneys are to receive $33,500.00 for their attorney's fees – representing 40% of the total settlement sum – plus $2,500.00 for their litigation costs. DE 39.

## III.    Analysis

### A.     Damages

In determining whether to approve the settlement, the Court is guided by the principles set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) and *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), *cert. denied,* 136 S. Ct. 824 (2016). The Court must begin by assessing whether the agreement is fair and reasonable by examining the bona fides of the dispute. *See Moreno v. Nassau Country Club*, No. 12 CV 5324, 2013 WL 5788730, *1 (E.D.N.Y. Sept. 26, 2013). In determining whether the agreement reflects a reasonable compromise of the plaintiffs' claims, the Court should consider the following factors:

> "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the

3

> seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."

*Beckert v. Rubinov*, No. 15 CV 1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting *Wolinsky*, 900 F. Supp. 2d at 335) (internal quotation marks and further citation omitted). The Court should also consider potential negative considerations such as "whether there are other employees of the defendant who are similarly situated, the potential for the plaintiff's circumstances to recur, whether the defendant or others in the same industry have a history of FLSA violations, and whether it would be desirable to make a full evidentiary record of practices by the defendant or in its industry to further public awareness or the development of the law in this area." *Caprile v. Harabel Inc.*, No. 14 CV 6386, 2015 WL 5581568, at *1 (S.D.N.Y. Sept. 16, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). These factors should be considered in light of the totality of the circumstances. *Beckert*, 2015 WL 6503832, at *1.

As a threshold matter, it is clear from the parties' pleadings and settlement statements that several FLSA issues are in bona fide dispute, including Plaintiffs' status as exempt employees, the proper amount of unpaid wages due, and the number of hours worked.

In addition, the parties' proposed settlement agreement satisfies the relevant factors. First, Plaintiffs' recovery of $46,650.00 ($18,380.00 to Wang and $28,270.00 to Chen) reflects a reasonable compromise given the range of possible recovery. Under Plaintiffs' damages theory, Plaintiffs are entitled to a total of $153,876.00 ($60,631.80 for Wang and $93,244.20 for Chen), inclusive of double liquidated damages under both the FLSA and the NYLL. Under Defendants' damages theory, however, Plaintiffs are not entitled to any damages at all. Specifically, Defendants disagree with the hours Plaintiffs state they have worked as well as with Plaintiffs'

4

methodology for calculating damages. The parties further dispute whether a tip credit applies and whether double liquidated damages are permissible. Given the wide range of possible recoveries and the sharp divisions in the parties' positions, Plaintiffs' actual recovery is reasonable.

Second, the settlement avoids further burdens and expenses for both sides and acknowledges the risks of continued litigation. In addition, this Court conducted a settlement conference at which time the parties engaged in arms-length negotiations between experienced counsel and reached an agreement in principal. *Cf. Hernandez v. Anjost Corp.*, No. 11 Civ. 1531, 2013 WL 4145952, at *2 (S.D.N.Y. Aug. 14, 2013) ("A settlement like this one, reached with the help of a third-party neutral, enjoys a 'presumption that the settlement achieved meets the requirements of due process.'") (quoting *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 WL 4357376, at *8 (S.D.N.Y. Sept.16, 2011), *settlement approved sub nom. Flores v. Anjost Corp.*, 284 F.R.D. 112 (2012)).

As for the possible negative considerations, nothing in the parties' submission suggests that other employees are in the same position as Plaintiffs or that there is a consistent pattern of FLSA violations by these Defendants. In light of these considerations, the undersigned finds that the settlement agreement "reflects a reasonable compromise over contested issues." *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *5 (E.D.N.Y. Feb. 18, 2011) (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982), *motion to amend or alter judgment denied by*, 2011 WL 6445104 (E.D.N.Y. May 20, 2011)).

### B.  Attorneys' Fees

"Under the FLSA, [t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs

5

of the action." *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13 CIV. 6667, 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015). Here, the parties urge the Court to approve a payment of $33,350.00 to Plaintiffs' counsel constituting 40% of the total settlement, as set forth in plaintiffs' counsel's retainer agreement, plus $2,500.00 in fees. According to Plaintiffs' counsel, counsel billed over 111 hours on this matter, in excess of $40,797.50 in fees, at rates approved by courts in this District and Circuit ($350 for Jian Hang, Principal Attorney, and $275 for associates). DE 39 at 3. In support of its request, counsel submits contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done. *See Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 305 (E.D.NY. 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). In addition, counsel has now submitted information regarding the billing attorneys' credentials and experience. Counsel argues that although the lodestar is over $40,000, counsel is only requesting $33,350.00, which represents 40% of the settlement.

Even though counsel requests a percentage fee award, counsel is correct to proffer information as to its lodestar. *See Flores*, 104 F. Supp. 3d at 308 ("[E]ven where a court employs the percentage method, it must 'cross-check' the percentage fee award against the lodestar to ensure reasonability.") (citing *Wal–Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 123 (2d Cir. 2005)). The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits," *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). The Court has reviewed the records and finds that

6

the rates applied by counsel here are largely consistent with the rates awarded in this district in FLSA cases. *See Marshall v. Deutsche Post DHL*, No. 13-CV-1471, 2015 WL 5560541, at *9 (E.D.N.Y. Sept. 21, 2015) ("It is now well established, and should remain so unless there is a significant change in the market for legal services in this area, that the prevailing hourly rate for partners in this district ranges from $300.00 to $400.00, and a reasonable hourly rate for a senior associate ranges from $200 to $300."). Turning to the hours billed in this matter, the record reflects that the attorneys spent approximately 111 hours on this matter. I find this time reasonable. *See Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012) ("[W]here [the lodestar method is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court.") (citations and internal quotation marks omitted). Multiplying these hours billed by the rates applied yields a lodestar of approximately $40,797.50.

Using this calculation, the Court finds that the 40% fee arrangement – resulting in a fee award of $33,350.00 – is reasonable. A one-third fee arrangement in FLSA settlement cases is "routinely approved by courts in this Circuit." *Rangel v. 639 Grand St. Met & Produce Corp.*, No. 13 CV 3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013); *see also Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 09–CV–486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012) (noting that counsel's request for one-third of FLSA clients' recovery is "reasonable and consistent with the norms of class litigation in this circuit"). *But see Flores*, 104 F. Supp. 3d at 307 (rejecting "purported 'trend' among district courts within the Circuit to award a flat 33 1/3% percentage fee in employment common fund class action cases" and employing lodestar method instead). While counsel seeks a 40% fee, the lodestar "cross-check" supports approval of this award since the requested fee is considerably lower than the proposed lodestar. Indeed, "[b]oth

7

th[e Second Circuit] and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'" *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ((citing *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008) and *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)).[1] Accordingly, the Court finds that the requested fee is fair and reasonable.

Plaintiffs' counsel also requests $2,500 in litigation costs expended over the course of this litigation. Both the FLSA and the NYLL provide that plaintiffs may recover reasonable costs. *See* 29 U.C. § 216(b); N.Y. Lab. Law § 663(1). "Costs relating to filing fees, process servers, postage, and photocopying are ordinarily recoverable." *Hernandez v. NJK Contractors, Inc.*, No. 90-CV-4812, 2015 WL 5178119, at *6 (E.D.N.Y. Sept. 3, 2015) (citations and internal quotation marks omitted). Here, the requested costs include the Court's filing fee, process server fees, copies, deposition costs and translation fees. The Court finds that Plaintiffs' request for costs is reasonable.

## CONCLUSION

For the reasons set forth above, the Court respectfully reports and recommends that the parties' joint request for judicial approval of their proposed settlement agreement be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and

---

[1] Some courts within this Circuit have applied multipliers to the lodestar in FLSA cases. *See Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (" [A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."); *Sewell*, 2012 WL 1320214, at *13 ("Courts commonly award lodestar multipliers between two and six."). *But see Flores*, 104 F. Supp. 3d at 315 (noting that the Supreme Court and Second Circuit have found that multipliers are rarely appropriate).

8

Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the 14-day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
September 26, 2016

**SO ORDERED:**

_____/s_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge

9